IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2010 SEP 21  PM 9: 10

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| SAMMIE DAVIS KING, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 110-098 |
| ) | |
| MARK WAYNE CHESTANG and ) | |
| KENNY MORGAN, Agent, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Dodge State Prison in Chester, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I.   BACKGROUND

Liberally construing Plaintiff's complaint, the Court finds the following. In January 1997, Plaintiff was arrested on charges of child molestation in Warren County, Georgia. (Doc. no. 1, pp. 1-2.) Both Defendants named by Plaintiff are officers who were involved in Plaintiff's arrest. (Id.) According to Plaintiff, Defendants violated his Fourth and Fifth Amendment rights by interrogating Plaintiff without probable cause and obtaining a false confession. (Id. at 2.) Furthermore, Plaintiff complains that Defendant Chestang falsified evidence and disregarded a valid medical report in his application for Plaintiff's arrest warrant. (Id. at 3-6.) Plaintiff asserts that his arrest warrant was therefore invalid for lack of probable cause. (Id. at 4-5.) Plaintiff maintains that because his arrest was unconstitutional, his subsequent imprisonment was unlawful. (Id. at 8-9.) Plaintiff seeks monetary damages as well as equitable relief in the form of immediate release from prison. (Id. at 7; doc. no. 1-1, p. 2.)

II.  DISCUSSION

A.   § 1983 Claim Based on Wrongful Imprisonment

The Supreme Court has held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Court went on to state that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or

2

length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); see Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus."). Indeed, "[a]s the Supreme Court noted, the most obvious example of an action barred by *Heck* is one in which the plaintiff actually 'seek[s] damages directly attributable to conviction or confinement.'" Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Heck, 512 U.S. at 487 n.6). Simply put, a claim for monetary damages or equitable relief resulting from Plaintiff's alleged unconstitutional conviction or confinement is not cognizable under 42 U.S.C. § 1983. Heck, 512 U.S. at 483.

Here, Plaintiff alleges that Defendants' unconstitutional actions toward him led to his unlawful imprisonment, and he seeks relief from that unlawful imprisonment in the form of release and monetary damages. However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, to the extent that Plaintiff's claim in this case is based on improper imprisonment resulting from a wrongful

3

conviction, it is not actionable in a § 1983 suit and should be dismissed for failure to state a claim.

### B. Statute of Limitations

Even if Plaintiff were permitted to pursue this type of claim in under § 1983–which he is not–his claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims must be brought within two years of their accrual. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff knew or should have known of the injuries alleged in his complaint, as well as who injured him, when the injuries occurred in 1997. His claims pertain to injuries that occurred 13 years before he filed the instant complaint, and are well outside of the two-year statute of limitations period. Therefore, even if Plaintiff's claims were proper under § 1983, they would be subject to dismissal as time barred.

### III. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be

4

**DISMISSED**, and that this civil action be **CLOSED**.[1]

SO REPORTED and RECOMMENDED this 21st day of September, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] In light of the Court's recommendation that Plaintiff's complaint be dismissed, the Court **REPORTS** and **RECOMMENDS** that his motion for partial summary judgment (doc. no. 9) be found **MOOT**.

5